ZIMMERMAN REED, LLP
CALEB L. MARKER, ESQ., State Bar No. 269721
 Email: caleb.marker@zimmreed.com
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(888) 490-7750 Facsimile

*Attorneys for the Plaintiff*

*(Additional Counsel Listed Below)*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI SMELKINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FITNESS INTERNATIONAL, LLC d/b/a LA Fitness,<br><br>Serve registered agent at:<br>CT Corporation System<br>2875 Michelle Drive, Suite 100<br>Irvine, CA 92606<br><br>Defendants. | Case No.: 8:16-CV-01365<br><br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT,**<br>**47 U.S.C. § 227 *ET SEQ.*** |

---

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

COMES NOW Plaintiff Ari Smelkinson and through his undersigned counsel hereby submits his Class Action Complaint for Damages Under The Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*, against Defendant Fitness International, LLC d/b/a LA Fitness and states:

## PARTIES

1. Plaintiff Ari Smelkinson ("Plaintiff") is an individual who currently resides in Martin County, Florida.

2. Defendant Fitness International, LLC d/b/a LA Fitness ("LA Fitness") is a California limited liability company in good standing with its principal place of business in the State of California.

3. LA Fitness's headquarters is located in Irvine, California.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this class action lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. This Court also has jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the Class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

6. This Court has personal jurisdiction over LA Fitness because its principal place of business is in the State of California, it has solicited business in California, it has conducted business in California, it has committed the acts described below in whole or in part in California and otherwise has sufficient minimum contacts with California; its contacts with California are continuous and systematic.

7. Venue is proper in this Court because a substantial portion of the events giving rise to the claim asserted in this Complaint occurred within the jurisdictional boundaries of this Court, and LA Fitness is headquartered within the jurisdictional boundaries of this Court.

## FACTUAL BACKGROUND

8. LA Fitness provides a variety of fitness products and services. Among other things, LA Fitness's products and services include workout facilities, personal training, and workout apparel.

9. LA Fitness markets its products and services to prospective customers.

10. LA Fitness markets its products and services by sending text messages to the cell phones of its prospective customers.

11. Plaintiff owns two cell phones, one with phone number 772-905-XXXX and another with phone number 682-313-XXXX. Plaintiff pays the bills for these cell phones.

12. On or about October 2015, Plaintiff placed a phone call to an LA Fitness facility in Keller, Texas, the state in which Plaintiff lived at the time. Plaintiff inquired over the telephone about the facility's racquetball courts. Plaintiff did not provide prior express written consent for LA Fitness to send him text messages on his cell phone.

13. Shortly after placing the phone call to the LA Fitness facility in Keller, Texas, Plaintiff began receiving text messages on his cell phone with a 682 area code. The text messages marketed LA Fitness's products and services, including personal training sessions and gym membership.

14. On or around May and June 2016, Plaintiff placed a phone call to an LA Fitness facility in Stuart, Florida, the state in which Plaintiff lives. Plaintiff inquired over the telephone about the LA Fitness facility. Plaintiff did not provide prior express written consent to LA Fitness to send him text messages on his cell phone.

15. Plaintiff received text messages on his cell phone with a 772 area code. The text messages marketed LA Fitness's products and services, including personal training sessions and gym membership.

16. Upon information and belief, LA Fitness sent text messages to Plaintiff advertising its products and services en masse to the cell phones of Plaintiff and members of the putative class without first obtaining the prior express written consent of

the text message recipients. The type of messages sent were not personal messages for Plaintiff but one that would likely be sent en masse to many persons as part of a promotional campaign. For example, one of the text messages that Plaintiff received, stated: "LA Fitness BLOW-OUT."

17. Plaintiff and the putative class members have been injured by LA Fitness's unlawful text messages. LA Fitness's text messages deprived Plaintiff and class members' use of their cell phones for a period of time. While the unlawful text messages were in progress, LA Fitness trespassed upon Plaintiff and class members' right to use their property without interference. For example, during this time, Plaintiff and class members could not place/send outgoing calls/texts or receive other incoming calls/texts.

18. LA Fitness's conduct injured Plaintiff and class members because their privacy has been violated, and they were subject to annoying and harassing text messages that constituted a nuisance. LA Fitness's text messages intruded upon the rights of Plaintiff and class members to be free from invasion of their interest in seclusion.

19. LA Fitness's conduct injured Plaintiff and class members because they wasted time viewing or otherwise addressing the unwanted text messages.

20. LA Fitness's text messages caused economic harm to class members by requiring them to pay their cell phone providers either for each text message or incurring a usage allocation deduction to their cell phone plan.

21. The severity of the injuries described above have been amplified by LA Fitness's use of an autodialer, which enables LA Fitness to send massive amounts of text messages at low cost and in a short period of time.

## COUNT I

**Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. against LA Fitness**

22. Plaintiff incorporates by reference the allegations of the previous paragraph as if fully stated in this Count.

23. The TCPA states, in part:

> It shall be unlawful . . . (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone . . . .

47 U.S.C. § 227(b)(1).

24. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity . . . to store or produce numbers to be called, using a sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

25. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

26. The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

27. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

28. The TCPA provides for a private right of action and statutory damages of at least $500, and up to $1,500.00 per violation. 47 U.S.C. § 227(b)(3).

29. Upon information and belief, LA Fitness used an automatic telephone dialing system to send text messages to the cell phones of Plaintiff and the putative class members. The device LA Fitness used to send the text messages had the capacity to store or produce telephone numbers to be called using a random or sequential number

generator and to dial such numbers. LA Fitness sent or transmitted, or had sent or transmitted on its behalf, the same or substantially the same text messages en masse to a list of thousands of wireless telephone numbers using a computerized automatic telephone dialing system.

30. Upon information and belief, LA Fitness's use of an automatic telephone dialing system allowed it to send large amounts of text message to Plaintiff and the putative class members at a low cost and in a short period of time.

31. Upon information and belief, LA Fitness sent text messages to the cell phones of Plaintiff and the putative class without the recipients' prior express written consent.

32. By sending text messages to the cell phones of Plaintiff and the members of the putative class without obtaining their prior express written consent, LA Fitness violated the express provisions of the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(l).

33. LA Fitness knew or should have known that Plaintiff and the putative class members did not provide their prior express written consent to receive such text messages on their cell phones.

34. Plaintiff and the putative class are entitled to damages of $500.00 per text message sent by LA fitness and up to $1,500.00 per call if the Court finds that LA Fitness willfully violated the TCPA.

## CLASS ALLEGATIONS

35. Plaintiff brings this action pursuant to the provisions Federal Rule of Civil Procedure 23 individually, and on behalf of a class defined as:

> All persons in the United States and its Territories who, from October 16, 2013 to the present, received text message advertisements on their cell phone from LA Fitness and did not provide LA Fitness their prior express written consent to receive such text messages.

Excluded from the Class are Defendant, Defendant's officers, directors, and employees.

36. Upon information and belief, there are hundreds, if not thousands of persons in the proposed class, and the class is so geographically diverse that joinder of all members is impracticable.

37. Plaintiff's claims are typical of the class he seeks to represent. Plaintiff and the putative class members were sent text message advertisements through an automatic telephone dialing system and did not provide prior express written consent to be called on their cell phones. Plaintiff's claims and the claims of the putative class members are based on the same legal theories and arise from the same unlawful conduct thereby resulting in the same injury to Plaintiff and the putative class members.

38. There are questions of law and fact common to the class. Common questions include, but are not limited to:

   a. Whether LA Fitness made phone calls in the form of text messages to the cell phones of the members of the putative class without obtaining their prior express written consent to receive said calls;

   b. Whether the means by which LA Fitness acquired class members' cell phone numbers was in a written agreement;

   c. Whether the means by which LA Fitness acquired class members' cell phone numbers clearly and conspicuously informed class members they may receive advertisements or telemarketing messages by means of an automatic telephone dialing system;

   d. Whether the means by which LA Fitness acquired class members' cell phone numbers clearly and conspicuously informed class members that they were not required to sign or enter into the agreement as a condition of purchasing any property, goods, or services;

   e. Whether LA Fitness made phone calls in the form of text messages to the cell phones of members of the proposed class using an automatic telephone dialing system;

   f. Whether LA Fitness's conduct violates 47 U.S.C. § 227(b)(l)(A);

g. Whether LA Fitness's conduct violates the rules and regulations implementing the TCPA;

h. Whether Plaintiff and the putative class members have been damaged and, if so, the extent of such damages;

i. Whether Plaintiff and the putative class members are entitled to increased damages based on the willfulness of LA Fitness's conduct;

j. Whether LA Fitness's actions were knowing and willful; and

k. Whether Plaintiff and members of the class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

39. Plaintiff will fairly and adequately represent the putative class members. Plaintiff has retained counsel experienced in the prosecution of class actions. Plaintiff is committed to vigorously prosecuting the claims presented in this petition. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

40. The questions of law and fact common to the members of the proposed class predominate over any questions of fact affecting any individual member of the proposed class.

41. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for class members to seek redress individually.

**DEMAND FOR JUDGMENT**

WHEREFORE Plaintiff Ari Smelkinson, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Fitness International, LLC d/b/a LA Fitness, pursuant to Federal Rule 23(b)(3) certifying this action as a class action and appointing Plaintiff Ari Smelkinson as representative of the class;

      b.    Enter an order appointing Zimmerman Reed, LLP and Butsch Roberts & Associates LLC as class counsel;

      c.    Enter an order declaring LA Fitness's conduct alleged herein to be illegal and in violation of the TCPA, and enjoining LA Fitness from engaging in the same or similar practices alleged herein;

      d.    Enter judgment in favor of Plaintiff and the putative-class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if LA Fitness willfully violated the TCPA;

      e.    Award Plaintiff and the class all costs and expenses of this action, including attorney fees as allowed by law and requiring LA Fitness to pay the costs and expenses of class notice and claims administration; and;

      f.    Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: July 22, 2016 /s/ Caleb L. Marker
CALEB L. MARKER, ESQ., State Bar No. 269721
**ZIMMERMAN REED, LLP**
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(888) 490-7750 Facsimile
Email: caleb.marker@zimmreed.com

J. GORDON RUDD, ESQ., MN Bar No. 222082
*(Pro Hac Vice pending)*
**ZIMMERAN REED, LLP**
1100 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
(612) 341-0400 Telephone
(612) 341-0844 Facsimile
E-mail: gordon.rudd@zimmreed.com

Christopher E. Roberts, ESQ., MO Bar No.
*(Pro Hac Vice pending)*
**BUTSCH ROBERTS & ASSOCIATES LLC**
231 S. Bemiston Ave., Suite 260
Clayton (St. Louis), MO  63105
(314) 863-5700 Telephone
(314) 863-5711 Facsimile
Email : croberts@butschroberts.com

*Attorneys for the Plaintiff*